28385. COBB COUNTY v. CLANTON.

DECIDED JUNE 29, 1940.

*Carmichael & Grove,* for plaintiff in error.

SUTTON, J. Elbert Clanton, a minor, by A. B. Clanton, as next friend and father, brought a suit against Cobb County, to recover damages on account of injuries sustained by him because of the alleged defective condition of one of the defendant's bridges. The petition alleged, that about 1929 the bridge was built by the county across a stream on a public road in Cobb County, and that no bond was taken by the contractor, and the county became responsible for its maintenance and for any damages that might result by reason of its faulty construction, or neglect in its maintenance; that on July 4, 1938, the plaintiff was walking across the bridge, and one of the planks of the bridge broke under his weight, which was about eighty pounds, and he was thrown to the bottom of a creek some eight feet below and sustained described injuries; that he had a right to walk across the bridge, and was free from fault or negligence; that it was the duty of the county to inspect, repair, and keep the bridge in a safe condition for people crossing it on the public thoroughfare, and this had not been done; that he presented his claim within twelve months and brought suit within twelve months from the accrual of his claim. The defendant answered, admitting the construction of the bridge and that the claim was properly presented, but denied the other material allegations of the petition. By amendment the plaintiff alleged: "7. That said bridge had been for more than four years in an unsafe condition; that same had been on various occasions repaired by defendant by adding new planks to floor of same, and that in 1937, about the month of April, defendant added two new planks to floor of said bridge, leaving the other planks which were placed into the construction of said bridge at same time same was

originally built, 1929; that the plank which broke with plaintiff was a part of the construction of said bridge at time of aforesaid repairs, and was at that time in such a decayed condition that same could have been detected by agents, servants, and employees of defendant, had they been diligent in the inspection of same at time of aforesaid repairs, 1937. 8. That plaintiff in walking over said bridge, which was without guard-rails, stepped upon plank near the center of said bridge, and about eighteen inches from west end of same, or side, when said plank broke with plaintiff as aforesaid. 9. That said plank which broke with plaintiff was unfit for use in said bridge, by reason of its decayed condition in 1937; that defendant had full knowledge of its unsafe condition, or that it could have known of same had they been diligent in the examination and duty as to its upkeep, for same had been unsafe for more than 18 months prior to time plaintiff was injured and damaged as aforesaid." The jury returned a verdict for the plaintiff. A motion for new trial on general and special grounds was overruled, and the exception is to that judgment. Only the special grounds are argued or insisted on.

1. After stating to the jury the contentions of the plaintiff as made by the amendment, the court charged the jury as follows: "And with this definition [of ordinary care, as given by the court] it becomes a question of fact for you to determine whether the defendant exercised ordinary care in so far as the particulars charged are concerned, or whether the defendant was guilty of negligence in so far as the particulars charged are concerned or any of them. And your method of inquiry will be, confining yourselves to the specifications of negligence set out in the petition, to determine whether, in so far as those specifications are concerned, the defendant was guilty of negligence. And you will take into consideration all the evidence in the case that will illustrate the question to your mind, the time, the place, the circumstances, the surroundings, all that occurred, so far as disclosed to you by the evidence, and then say for yourselves whether the defendant was guilty of negligence or not, in so far as the specifications charged are concerned. . . I charge you that if the defendant was negligent in some one or more or in all of the respects and particulars named in the plaintiff's petition, and if you believe that as the result of such negligence, if you believe such negligence

existed, the plaintiff was injured, and if you should believe that the plaintiff was not guilty of such negligence as under these instructions would bar a recovery, then I charge you that the plaintiff would be entitled to recover." Error is assigned thereon, and it is contended that the charge was harmful and prejudicial and erroneous to the defendant, because on the trial there was no evidence sustaining the allegations of negligence set forth in the amendment. It is averred that no evidence was introduced on the following issues: that the defendant had ever repaired the bridge by adding new planks to the floor; that it had added new planks to the floor on or about April, 1937; that the plank which broke with the plaintiff was a part of the construction of said bridge when the defendant had made repairs on the bridge; that the plank which broke with the plaintiff was decayed or unfit for use in the bridge at the time the defendant placed it in the bridge while repairing the bridge; that the agents, servants, and employees did detect or that they could have detected the unfitness of the plank if they had been diligent in their inspection of the repairs or the materials used; that a plank unfit for use in the bridge had been placed in the floor of the bridge in 1937 or during the repair of the bridge; or that the defendant knew that the said plank was unfit for use in the bridge, or should have known of it in the exercise of reasonable care and diligence on the part of the defendant's servants and employees in their business, when the plank was placed in the bridge. It is contended, that, said issues being the allegations of negligence set out in the petition as amended, and being the ones submitted to the jury by the court in its charge, and these allegations of negligence not being supported by any evidence, it was error for the court to submit the said allegations or contentions of the plaintiff to the jury.

It is further contended that the charge was error, because the jury must have been led to believe that the court considered that there was some evidence relating to the allegations of the amendment, authorizing its submission to the jury, whereas, it is averred, no evidence was introduced to sustain these allegations, the only evidence relating to the issues being as follows: A. B. Clanton, father of the plaintiff, testified: "I saw the plank that broke with him. That was a plank that was put in there, and the far end of it broke off of it as he walked on the right-hand side of the bridge;

it was nailed to the sill, you see, and it broke off with him and threw him in the ditch. I did not notice any new plank that had been recently placed in that bridge, and I didn't examine it that close, but anyway I saw the plank that broke with him and I also measured it." And W. F. Wethington testified: "Some of my people had an accident on that bridge, and that was a child of mine. That child weighed about 120 pounds. One of those planks broke with him on this same bridge. I reported that accident to Mr. Charlie Head, and he said there wasn't anything he could do about it but fix the bridge, and he never fixed it until this other child fell through it. The bridge then was not rebuilt entirely, but was just repaired. I reported that to Mr. Head something over a year before this Clanton boy fell there, and there had been nothing done to the bridge from the time I told him until this boy fell through there." It is averred, that, there being no evidence to substantiate the allegations of negligence pleaded, it was error for the court to submit such issues to the jury.

It is complained that the court erred in permitting W. F. Wethington to testify as above set out, it being contended that this evidence was immaterial and irrelevant and constituted a major and fatal variance between the pleadings and the evidence, especially as no evidence had been introduced to substantiate the pleadings; that the defendant founded its defense on the proof of proper repair and reasonable inspection in accordance with the allegations of the petition, and at the trial was surprised with something entirely different, to wit, that in fact the defendant had not made any repairs, but that through its officials it had been notified of the existence of certain defects in the bridge and had allowed them to remain. These grounds, which are without merit and based upon an evident misconception by plaintiff in error of the import of the amendment to plaintiff's petition, may be disposed of in one discussion. It appears from the argument in the brief of counsel for the plaintiff in error that it conceives that the plaintiff's amendment purported to allege that in 1937 two new planks were added to the floor of the bridge, that the plank which broke and caused the plaintiff's injury was one of these planks and was in a decayed condition and unfit for use, and that the condition of this plank could and should have been detected by the employees of the county when they repaired the bridge. Counsel then avers

that in this way the plaintiff sought to perfect his pleadings to show notice to the county. It is pointed out that no evidence was introduced to this effect, but that instead, to show notice, the plaintiff proved by W. F. Wethington that his son, a boy weighing less than 125 pounds, met with a similar accident on the same bridge, and reported the matter to a commissioner of the county, who, however, failed to repair the bridge until after the plaintiff's injury. Then follows the argument that the probata did not correspond to the allegata as to notice; and it is contended that in the charge above quoted the court erred for reasons set out, and also erred in admitting the testimony of Wethington; and it is urged that, as the plaintiff can recover only on the pleadings as drawn, the court erred in admitting such testimony and in submitting to the jury an issue as to notice by reason of any repairs, and therefore erred in overruling the motion for new trial on the grounds above set out.

A careful reading of the amendment discloses that it does not at all allege that the plank which broke with the plaintiff was one of the planks which were alleged to have been put in the bridge in 1937. The defendant admitted in its answer that it constructed the bridge, and the amendment alleged that "the plank which broke with the plaintiff was a part of the construction of said bridge *at time of aforesaid repairs*." (Italics ours.) In other words, at the time of the alleged repairs the plank was not one which was substituted, but was one which was already a part of the bridge, and was in a decayed condition and could have been discovered by an inspection in 1937. It is true that, for the purpose of showing notice, no evidence was introduced to the effect that any repairs had been made in 1937; but there was testimony as to notice of another kind, and this was admissible under other allegations of the amendment that "the said plank which broke with plaintiff was unfit for use in said bridge, by reason of its decayed condition in 1937; that defendant had full knowledge of its unsafe condition, or that it could have known of same had they been diligent in the examination and duty as to its upkeep, for same had been unsafe for more than 18 months prior to time plaintiff was injured and damaged as aforesaid." The plaintiff was injured on July 4, 1938, and to show notice the record discloses that the plaintiff proved by Wethington that his son was injured by a defective plank in the same

bridge more than a year before the plaintiff was injured, and that notice was then given to the county commissioner. This official was put on the stand by the defendant; and while he testified that he did not recollect, among the many reports of claims against the county, the report of Wethington, he did not *deny* that notice had been given to him as testified by Wethington. It is well settled that a person injured on a county bridge is not entitled to recover unless the county authorities knew of the defect in the bridge, or unless the defective condition, if such, had existed for such length of time that knowledge thereof, on the part of the county authorities, would be presumed. Whether or not the defective condition of the bridge, as testified to by Wethington as existing for more than a year before the plaintiff was injured, was such a sufficient length of time that knowledge thereof might be presumed against the defendant, was a question for the jury, which obviously decided that issue in favor of the plaintiff. Thus we have allegations of notice in the petition entirely separate from that with respect to an opportunity to discover the defect at the time of making the alleged repairs, as to which latter no proof was offered, and which other allegations of notice were supported by the testimony of Wethington. The court properly submitted to the jury the *allegations* of the plaintiff's petition as amended, but did not submit any *issue* as to any notice by repairs. It is one thing to state the contentions of a party, and quite another thing to submit an issue as to which there is no evidence. In the present case there was evidence as to notice, not because of the repairs which were referred to in the petition, but because of the information given to the county commissioner by the witness Wethington. It follows that the court did not submit to the jury any issue not authorized by the pleadings and the evidence, and did not err in admitting in evidence the testimony of Wethington on the question of notice. Consequently the court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*